UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIE BUELL,

      Plaintiff,

v.                                  CASE NO: 8:06-cv-1791-T-26MSS

DIRECT GENERAL INSURANCE
AGENCY, INC., et al.,

      Defendants.

_____/

# O R D E R

Before the Court are the Direct General Defendants' Motions to Dismiss Plaintiffs'

Third Amended Complaint (Dkts. 39 & 40) and Motion to Strike (Dkt. 48), Defendant

American Bankers Insurance Company of Florida's Motion to Dismiss Plaintiffs' Third

Amended Complaint (Dkt. 41), Defendant Underwriters at Lloyds London's Motion to

Dismiss Plaintiffs' Third Amended Complaint (Dkt. 45), and Plaintiffs' Response in

Opposition to Defendants' Motions to Dismiss (Dkt. 50) and Response in Opposition to

Defendants' Motion to Strike (Dkt. 51).[1]  After careful consideration of the Motions,

Responses, and the allegations of the Third Amended Complaint, the Court concludes that

---

[1]  Although Julie Buell is named as the Plaintiff in the caption of the Third
Amended Complaint, the Court assumes this is a scrivener's error inasmuch as the
Plaintiffs named in the body of the complaint do not include her but instead consist of
Bobbie Anderson-Sparks, James Cartwright, Jamey Robbins-Gleason, Greg Groover,
Samantha Helmick, and Diane Panton.

this action should be dismissed without prejudice to Plaintiffs refiling individual actions on each one's behalf in separate cases.[2]

Plaintiffs, seeking class action status, have sued Defendants in a three-count complaint claiming that Defendants have violated the statutory provisions of section 626.9541(1)(z), Florida Statutes (2006), which prohibits the act or practice of "sliding" with respect to the sale of certain ancillary insurance products (travel protection insurance, accident medical protection insurance, accidental death insurance, and life insurance) as part of the same transaction involving the purchase of automobile insurance.[3]  In counts one and two, they demand relief under the theories of common law disgorgement and restitution and money had and received with regard to premiums collected from them in connection with illegal contracts of insurance procured in violation of Florida law.  In count three, Plaintiffs seek declaratory and injunctive relief in the form of an order compelling Defendants to comply with the law of Florida governing the sale of ancillary insurance products.

In section 626.9541(1)(z), the Florida legislature defined the act or practice of "sliding" as an unfair method of competition and as an unfair or deceptive act or practice.

---

[2]  The Court detailed the procedural history of this case in an order entered February 2, 2007, and found at docket 47 in the related case of Anderson v. Direct General Corporation, et al., case number 8:06-cv-2218-T-26MAP.  A copy of that order will be filed in this case.

[3]  This statutory provision is part of Florida's "Unfair Insurance Trade Practices Act" (UITPA).  See §§ 626.951 - 626.99, Fla. Stat. (2006).

As statutorily defined, "sliding" consists of three separate acts: (1) "Representing to the applicant that a specific ancillary coverage or product is required by law in conjunction with the purchase of insurance when such coverage or product is not required;" (2) "Representing to the applicant that a specific ancillary coverage or product is included in the policy applied for without an additional charge when such charge is required; or" (3) "Charging an applicant for a specific ancillary coverage or product, in addition to the cost of the insurance coverage applied for, without the informed consent of the applicant." As is readily discernible from the statutory framework, inherent in the legislature's definition of "sliding" are the elements of fraudulent misrepresentation and deception.

All Defendants contend that Plaintiffs are prohibited from bringing this action because the statute does not specifically provide for a private right of action for the act or practice of "sliding." Although counsel for Defendants provided extensive and excellent arguments on this point, relying in part on Keehn v. Carolina Cas. Ins. Co., 758 F.2d 1522 (11th Cir. 1985), the Court finds them unpersuasive. Although Keehn held, consistent with Florida case law, that the UITPA created no implied private right of action based on the statute itself, Keehn did not involve a properly alleged breach of statute tort claim. See Davis v. Travelers Indem. Co., 800 F.2d 1050, 1053 (11th Cir. 1986) (distinguishing Keehn on the basis that it did not involve a breach of statute tort claim in holding that judgment on the pleadings was properly entered because the complaint did not allege a violation of the provision of UITPA at issue sufficient to give rise to a tort premised upon a breach of statute). Under the UITPA, all causes of action in existence before the

passage of the UITPA, such as common law claims for restitution and money had and received, if not specifically abolished, remain viable.  See §626.9631, Fla. Stat. (2006);[4] Cycle Dealers Ins., Inc. v. Bankers Ins. Co., 394 So.2d 1123, 1125 (Fla. Dist. Ct. App. 1981) (holding that statute preserved those causes of action that party had available prior to enactment of UITPA).  Thus, Plaintiffs are not precluded from bringing an action for restitution and money had and received premised on a violation of a statutory provision of the UITPA, in this case section 626.9541(1)(z).

The death knell for this action, however, is founded on the arguments directed at the unsuitability of class actions in fraud-based claims brought under Florida law, as is the case here.  Under Florida law, claims rooted in fraud and deceit are based on separate contracts or transactions and are "inherently diverse" because "the demands of the various defrauded parties are not only legally distinct, but each depends upon its own facts." Lance v. Wade, 457 So.2d 1008, 1011 (Fla. 1984); see also Black Diamond Properties v. Haines, 940 So. 2d 1176 (Fla. Dist. Ct. App. 2006) (reversing order of class certification in fraud-based complaint because common issues of fact could not predominate where factual issues were unique to each plaintiff).

---

[4]  Section 626.9631 reads as follows:
> The provisions of this part are cumulative to rights under general civil and common law, and no action of the department, commission, or office shall abrogate such rights to damages or other relief in any court.

Although Plaintiffs advance a perfunctory argument that they have not pleaded fraud in their complaint, a close examination of their allegations clearly establishes that the legal underpinning for their claims is the assertion that Defendants illegally extracted premiums for ancillary insurance products from them and others by wilfully engaging in acts and practices which the Florida legislature has statutorily deemed to be fraudulent and deceptive.  Tellingly, one of the remedies Plaintiffs have chosen, an action for money had and received, is "an equitable remedy requiring proof that money had been paid due to *fraud*, *misrepresentation*, imposition, duress, undue influence, mistake or as a result of some other grounds appropriate for intervention by a court of equity." Hall v. Humana Hosp. Daytona Beach, 686 So.2d 653, 656 (Fla. Dist. Ct. App. 1996) (emphasis added).[5] Consequently, since "Florida law is clear that fraud claims are inappropriate for class treatment as a matter of law because of the individual questions presented[,]" Hoechst Celanese Corp. v. Fry, 753 So. 2d 626, 627 (Fla. Dist. Ct. App. 2000) (en banc), and since Plaintiffs' core complaint and source of remedy necessarily rely on proof of fraudulent representations and deceptive acts practiced on them by Defendants in connection with their purchase of ancillary insurance products, this case is not appropriate for class certification.

---

[5]   The Court notes that the other remedy utilized by Plaintiffs, an action for restitution, is the functional equivalent of an action founded on money had and received. See Deco Purchasing & Distributing Co. v. Panzirer, 450 So. 2d 1274 (Fla. Dist. Ct. App. 1984); Central Bank and Trust Co. v. General Fin. Corp., 297 F. 2d 126, 129 (5th Cir. 1961).

Without addressing the myriad of other issues raised attacking the sufficiency of the complaint, such as the absence of allegations as to the who, what, when, where, and how of the transactions as to each Plaintiff, as well as the substantive issues regarding Plaintiffs' standing, the time bar of the statute of limitations, and the issue of primary jurisdiction, among others, the Court finds it more prudent to dismiss this class action case without prejudice to each Plaintiff having the opportunity to refile his or her own individual claim in a separate case.  See Comer v. Nationwide Mut. Ins. Co., 2006 WL 1066645 (S.D. Miss. 2006).  To do otherwise would require this Court to conduct an exercise in futility.  Even if Plaintiffs were required in this action to replead the factual allegations, ultimately the class action nature of the suit, as just explained, would be fatal. Not only is the definition of the class woefully broad and nondescript, but the very heart of the suit, which is premised on acts of fraud, deceit, and trickery specific to each individual Plaintiff, is not cognizable as a class action under Florida law.  Should each individual Plaintiff refile his or her own action, however, counsel should allege the who, what, when, where, and how of the "sliding" with considerably more detail.  See, e.g., Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F. 3d 1364, 1370-71 (11th Cir. 1997).

It is therefore **ORDERED AND ADJUDGED** as follows:

(1)     The Direct General Defendants' Motions to Dismiss Plaintiffs' Third

Amended Complaint (Dkts. 39 & 40) are **granted.**

(2)     Defendant American Bankers Insurance Company of Florida's Motion to

Dismiss Plaintiffs' Third Amended Complaint (Dkt. 41) is **granted**.

(3)     Defendant Underwriters at Lloyd's London's Motion to Dismiss Plaintiffs'

Third Amended Complaint (Dkt. 45) is **granted**.

(4)     The Direct General Defendants' Motion to Strike (Dkt. 48) is **denied** as

moot.

(5)     Plaintiffs may refile their claims within ten (10) days of the date of this

order as individual actions brought on behalf of each Plaintiff in separate

cases

(6)     The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, on May 1, 2007.


      s/*Richard A. Lazzara*
      **RICHARD A. LAZZARA**
      **UNITED STATES DISTRICT JUDGE**


<u>COPIES FURNISHED TO</u>:
Counsel of Record